J-S80027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD A. BENNINGER | |
| Appellant | No. 605 MDA 2016 |

Appeal from the Judgment of Sentence March 23, 2016
In the Court of Common Pleas of Columbia County
Criminal Division at No: CP-19-CR-0001066-2014

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:          **FILED JANUARY 13, 2017**

Appellant, Harold A. Benninger, appeals from the March 23, 2016 judgment of sentence entered in the Court of Common Pleas of Columbia County ("trial court") following his conviction of  possession of certain chemicals with intent to manufacture a controlled substance (liquefied ammonia gas; precursors and chemicals) ("PWID").[1]  In the brief filed by his counsel in accordance with ***Anders v. California***, 386 U.S. 738 (1969), Appellant identifies two evidentiary issues counsel deems meritless.  His counsel concurrently filed a petition for leave to withdraw.  Following review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

_____

[1] 35 P.S. § 780-113.1(a)(3).

Following a jury trial on January 26, 2016, Appellant was convicted of one count of PWID. On March 23, 2016, the trial court sentenced Appellant to 13-30 months at a state correctional institute with credit for time served as well as making Appellant RRRI eligible. Appellant filed a timely post-sentence motion seeking reconsideration of his sentence on April 1, 2016. Appellant wished to serve his sentence at Columbia County Jail rather than at a state correctional institute. The trial court denied Appellant's motion on April 6, 2016.

Appellant filed a *pro se* motion on April 14, 2016, seeking an appeal. On the same date, Appellant's counsel filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed his concise statement on May 10, 2016. In his statement, counsel indicated that he would be filing an *Anders* brief. The trial court entered an opinion on June 8, 2016.

Appellant's counsel filed, in this Court, a petition to withdraw as counsel and an *Anders* brief, wherein counsel raises one issue[2] for our review:

I.      Whether the [Appellant's] appeal of his judgment of sentence frivolous, thereby authorizing present counsel to withdraw.

---

[2] In his *Anders* Brief counsel discusses the merits of two evidentiary issues which he deems frivolous.

*Anders* Brief at 4. Appellate counsel filed his *Anders* brief on August 2, 2016, along with an application to withdraw as counsel. This Court issued an order the same date, directing Appellate counsel to comply with the letter of rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). On August 8, 2016, Appellate counsel filed a copy of the letter sent to Appellant regarding the *Anders* brief. Appellant did not file a reply to the *Anders* brief.

Before this Court can review the merits of the underlying issues, we must first address counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005)).

Upon review, we conclude counsel has satisfied the procedural requirements set forth in *Anders*. In the brief, counsel explains his conclusion that the issues sought to be raised by Appellant are wholly frivolous. After this Court's August 2, 2016 order, counsel sent a copy of the

*Anders* brief to Appellant. Counsel's letter, a copy of which was filed on August 8, 2016, advised Appellant of his right to retain new counsel or act on his own behalf.

Next, this Court must first address whether counsel's *Anders* brief satisfies the following substantive requirements:

(1)  provide a summary of the procedural history and facts, with citations to the record;

(2)  refer to anything in the record counsel believes arguably supports the appeal;

(3)  set forth counsel's conclusion that the appeal is frivolous; and

(4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel has included a statement of the case that includes a procedural history of the case. *Anders* Brief at 5-6. Counsel has complied with the first requirement.

The second required element of an *Anders* brief is reference to anything in the record that counsel believes arguably supports the appeal. *See Santiago*, 978 A.2d at 361. Here, counsel raises two evidentiary questions: whether the trial court erred in allowing Agent Kirk Schwartz to give opinion testimony, and whether the trial court erred in allowing Officer Brandon Schultz to use a demonstrative. *Anders* Brief at 8-13. Counsel, therefore, has satisfied the second *Anders* requirement.

The third element of **Anders** requires counsel to state his conclusion that the appeal is frivolous, which counsel complied with in his brief. **Id.** at 9-10, 12-13. The final element of **Anders** requires counsel to provide his reasons for concluding that the appeal is frivolous. **Santiago**, 978 A.2d at 361. Counsel complied with this requirement and satisfied the final prong of the **Anders** test. **Anders** Brief at 8-13.

We find counsel has satisfied the requirements for a petition to withdraw. He complied with the briefing requirements, as explained above. Appellant was advised of his right to retain substitute counsel or to proceed *pro se* to bring any attention points to this Court's attention. Thus, we must next address the merits.

Appellant's two issues relate to whether the trial court improperly admitted evidence. Whether the trial court erred in allowing Agent Schwartz to give opinion testimony, and whether the trial court erred in allowing Officer Schultz to use demonstrative evidence.

> A trial court has broad discretion to determine whether evidence is admissible and a trial court's ruling on an evidentiary issue will be reversed only if the court abused its discretion. Accordingly, a ruling admitting evidence "will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous."

**Commonwealth v. Huggins**, 68 A.3d 962, 966(Pa. Super. 2013) (citations omitted).

The Pennsylvania Rules of Evidence provide that

[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. During Agent Schwartz's testimony, trial counsel objected to the following questioning.

Commonwealth: In your experience with regard to the other components for manufacturing one-pot methamphetamine, what is your experience with regard to the locations or the traveling about to get various components rather than to buy them in one place?

Agent Schwartz: Well, they do travel to numerous locations because some of the retail facilities in the area had become ---

N.T. Jury Trial, 1/26/2016, at 55. At this point Appellant objected to the line of questioning. Following the trial court overruling Appellant's objection, Agent Schwartz testified that "[t]hey do travel to different locations . . . Some of the retailers have become knowledgeable if somebody were to buy sulfuric acid it and lie, and all the components in one know[n] location, they do contact us and notify us. People have become cognizant of that fact." *Id.* at 56.

Agent Schwartz had previously testified to his experience regarding methamphetamine manufacturing, as well as his surveillance of Appellant on November 21, 2014, from Berwick, Pennsylvania to a Gould's Grocery Store

in Conygham Valley, and then to a Wal-Mart in Hazleton Township. *Id.* at 38-40, 42-44. The ruling does not reflect manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. Therefore, the trial court did not abuse its discretion in finding that the testimony was rationally based on Agent Schwartz's perception, helpful to understanding his testimony or determining a fact in issue, and was not based on scientific, technical, or other specialized knowledge. We agree with trial counsel that this issue is meritless.

Appellant's second assertion is that the trial court abused its discretion in allowing Officer Schultz to use a demonstrative during his testimony. Demonstrative evidence is "tendered for the purpose of rendering other evidence more comprehensible to the trier of fact." *Commonwealth v. Serge*, 896 A.2d 1170, 1177 (Pa. 2006) (citation and quotation marks omitted). Demonstrative evidence is admissible as long as the relevance outweighs any potential prejudicial effect. *Id.* "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002). Furthermore, relevant evidence may be excluded "if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Pa.R.E. 403. "Demonstrative evidence such as

photographs, motion pictures, diagrams, and models have long been permitted to be entered into evidence provided that the demonstrative evidence fairly and accurately represents that which it purports to depict." *Serge*, 896 A.2d at 1177 (citation omitted).

In the matter *sub judice*, the trial court permitted Officer Schultz to use physical products and models of methamphetamine precursors as demonstrative evidence over the Appellant's objection. In making such ruling, the trial court found the evidence "is probative for them to analyze how the evidence in this case, that the Commonwealth is still producing, relates to the actual process of manufacturing methamphetamine." N.T. Jury Trial, 1/26/2016, at 61. Officer Schultz further testified about the items that were seized from the Appellant on November 21, 2014, and compared them to the demonstrative evidence. *Id.* at 70-72, 77-82. Additionally, on cross examination, it was made clear that the models and products shown by Officer Schultz were not the items seized from Appellant. *Id.* at 83, 88-89. Appellant was charged with PWID and the demonstrative evidence rendered other evidence more comprehensible to the jury, and was not more prejudicial than probative. Therefore, the trial court did not abuse its discretion in permitting Officer Schultz to use the demonstrative evidence. Appellant's argument fails.

As reflected above, we have determined that counsel has satisfied the technical requirements of *Anders* and *Santiago*. After determining that the technical requirements are satisfied, it is generally incumbent upon this

Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted). Based upon our review, we find the claims raised by counsel in the *Anders* brief are frivolous. We have conducted an independent review of the record and addressed Appellant's arguments properly before us on direct appeal. We agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/13/2017</u>